UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DAJUAN ANTONIO WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:19-cv-00224-DBH |
| | ) | |
| CUMBERLAND COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION
TO AMEND COMPLAINT**

In this action, Plaintiff, an inmate detained in the Cumberland County Jail, alleges Defendants retaliated against him for his grievance activity and postings on a social media account, and discriminated against him. (Complaint, ECF No. 1.)

Plaintiff has filed a Motion to Amend his Complaint to add Johanna Gauvreau as a defendant. (ECF No. 12, as supplemented by ECF Nos. 13, 14.) Ms. Gauvreau is an Assistant Attorney General with the State of Maine.[1] Plaintiff appears to allege that Ms. Gauvreau "tried" to charge him, in violation of his First Amendment rights, with a crime for posting legal discovery materials to a social media account. (ECF Nos. 1, 14.) The Court denies the motion to amend.

---

[1] In his motion, Plaintiff refers to Ms. Gauvreau as an "Assistant District Attorney out of Cumberland County." (ECF No. 12.) The Cumberland County official website lists her as an AAG, however. *See* https://www.cumberlandcounty.org/Directory.aspx?did=24.

DISCUSSION

Courts should grant leave to amend "freely" when "justice so requires." Fed. R. Civ. P. 15(a). Leave to amend is properly denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n.14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal

standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

As the United States Supreme Court has stated, prosecutors have wide discretion when deciding whether to initiate a prosecution.

> In our criminal justice system, the Government retains "broad discretion" as to whom to prosecute." *United States v. Goodwin,* 457 U.S. 368, 380, n.11 (1982); accord, *Marshall v. Jerrico, Inc.,* 446 U.S. 238, 248 (1980). "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978). This broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review.

*Wayte v. United States*, 470 U.S. 598, 607 (1985). *See also United States v. Armstrong*, 517 U.S. 456, 464 (1996) ("Judicial deference to the decisions of these executive officers rests in part on an assessment of the relative competence of prosecutors and courts."); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); *Oyler v. Boles*, 368 U.S. 448, 456 (1962) ("[T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation."). The broad discretion exercised by prosecutors is subject only to a prohibition against "selective enforcement 'based upon an unjustifiable standard such as race, religion, or other arbitrary classification.'" *United States v. Batchelder*, 442 U.S. 114, 125 n.9 (1979) (quoting *Oyler*, 368 U.S. at 456).[2]

---

[2] The Supreme Court has noted that "[i]n particular, the decision to prosecute" is subject to equal protection constraints. *Wayte*, 470 U.S. at 608 (reviewing district court's dismissal of an indictment on equal protection grounds). Typically, claims challenging a prosecutor's decisions are brought by individuals

3

Plaintiff has failed to assert any facts that would suggest Ms. Gauvreau's alleged attempt to prosecute Plaintiff was not within her broad discretion.

Furthermore, a prosecutor such as Ms. Gauvreau is entitled to immunity against civil liability for the decision whether to initiate a prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [§] 1983."); *Harrington v. Almy*, 977 F.2d 37, 40 (1st Cir. 1992) ("[T]he interest that prosecutorial immunity is designed to protect—independence in the charging decision—is implicated whether the decision is to initiate a prosecution or decline to do so."). Here, Plaintiff has failed to allege any facts that would suggest that Ms. Gauvreau is not entitled to immunity for whatever actions she took in her attempt to prosecute Plaintiff.

## CONCLUSION

Based on the foregoing analysis, the amendment of Plaintiff's complaint to add Ms. Gauvreau as a defendant would be futile. The motion to amend, therefore, is denied.

## NOTICE

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of August, 2019.

---

against whom an alleged crime is prosecuted. In this case, Plaintiff was apparently not prosecuted for the upload of the documents.