UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DAJUAN ANTONIO WILLIAMS,      )
                              )
       Plaintiff              )
                              )      2:19-cv-00224-DBH
v.                            )
                              )
CUMBERLAND COUNTY JAIL, et al.,)
                              )
       Defendants             )

**RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

Plaintiff, an inmate at the Cumberland County Jail, alleges Defendants retaliated against him for his grievance activity and postings on a social media account, and discriminated against him based on race. (Complaint, ECF No. 1.)

Plaintiff filed an application to proceed in forma pauperis (ECF No. 4), which application the Court granted. (ECF No. 5.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of the complaint, I recommend the Court dismiss Plaintiff's claims against certain of the named defendants as discussed below.

## STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff is currently incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto*

to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## BACKGROUND FACTS[1]

In addition to the Cumberland County Jail, [2] Plaintiff names several individuals as defendants in his complaint: Officer Wakefield, Sr. Moody, Lt. Moore, Detective Cheryl Holmes, Major Kortes, Sr. Haskell, Captain Butts, and Lt. Jaguese.

Plaintiff alleges that Defendant Wakefield made racially offensive statements to him. According to Plaintiff, when he asked for a grievance form, Defendant Wakefield refused his request and placed Plaintiff in lockdown for 48 hours. Plaintiff contends that in retaliation for attempting to assert the grievance and other grievances, he has been placed in segregation multiple times, including by Defendant Moore. Plaintiff asserts that

---

[1] The facts set forth herein are derived from Plaintiff's complaint.

[2] Although the jail is not a proper party to this action, the Court can reasonably construe Plaintiff's allegations as attempting to assert a claim against Kennebec County. *See Collins v. Kennebec County Jail*, 2012 WL 4326191, at *3 (D. Me. May 31, 2012) ("The Kennebec County Jail is not a governmental entity or a proper party defendant to this lawsuit. It is a building.").

Defendant Moody told him that if he continued to report the "racial insults," he would be segregated. Plaintiff alleges that he also was segregated by Defendant Holmes for posting discovery materials to a social media account. Plaintiff further asserts that he is a Black Muslim American and that Defendant Jacques refused to permit him to perform certain work (i.e., painting), and thus earn good time credit, while several white inmates were permitted to do so.

## DISCUSSION

The Court's jurisdiction over Plaintiff's claims is based on 42 U.S.C. § 1983, which provides a civil action to any person deprived a federal right by a state actor.[3] In order to maintain a § 1983 action against those who exercise state authority, Plaintiff must assert a claim that describes a deprivation of a federal right. *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979) (explaining that section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes").

Plaintiff's § 1983 claims include a claim of retaliation for his grievance activity, which is considered protected activity for purposes of the First Amendment. *Hannon v. Beard*, 645 F.3d 45, 48 (1st Cir. 2011). In addition, Plaintiff asserts a retaliation claim in

---

[3] Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ....

42 U.S.C. § 1983.

4

connection with his social media posting, which also implicates his First Amendment rights. Plaintiff's claim of racial discrimination is assessed under the Equal Protection Clause of the Fourteenth Amendment, which prohibits discrimination by state officers. *Bruns v. Mayhew*, 750 F.3d 61, 65 (1st Cir. 2014); *Ayala–Sepulveda v. Mun. of San German*, 671 F.3d 24, 32 (1st Cir. 2012).

To the extent Plaintiff asserts a § 1983 claim against an individual defendant, Plaintiff's allegations must support a finding that the individual, through his or her individual actions, violated Plaintiff's constitutional rights. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 – 77 (2009). In other words, each defendant is entitled to an individualized assessment as to whether Plaintiff has asserted an actionable claim against that defendant. Plaintiff has asserted no facts regarding the conduct of Defendants Kortes, Haskell and Butts. Plaintiff, therefore, has not asserted an actionable claim against Defendants Kortes, Haskell and Butts.

## CONCLUSION

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend the Court dismiss Defendants Kortes, Haskell, and Butts as defendants in this action.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of August, 2019.